IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 4:18-CR-00012 |
| | ) |
| MONTEZ LAMAR ALLEN | ) |

**MOTION TO CONTINUE JURY TRIAL**

COMES NOW Defendant Montez Lamar Allen (the "Defendant"), by counsel, and moves to continue the jury trial currently scheduled to begin on January 13, 2020, and in support thereof the Defendant states:

**FACTUAL BACKGROUND**

Prior to trial and pursuant to this Court's scheduling order, the Defendant and others moved to dismiss certain counts in the Indictment. (ECF. No. 341, setting forth the Defendant's Motion and adopting motions filed by codefendants). On July 23, 2019, after substantial briefing and oral argument, the Court issued its Order and Memorandum Opinion granting in part and denying in part the Motions to Dismiss. (ECF No. 395 and 396).

On August 21, 2019, the Government filed a Notice of Appeal of the Court's order and opinion set forth in ECF No. 395 and 396. (ECF. No. 411). Due to the Government's filing of an interlocutory appeal, on August 30, 2019, the Defendant filed a notice of appeal concerning this same order. (ECF No. 423).

In a footnote in its notice of appeal, the Government argues "[t]he United States believes the Court still has jurisdiction to proceed to trial on the remaining counts from the Indictment, and the United States is preparing for that trial." Notice of Appeal, at n. 1 (ECF No. 411). The Defendant moves to continue the jury trial pending resolution of the appeal

process because the Government's belief is clearly wrong, this Court lacks jurisdiction to continue to adjudicate these proceedings until all the issues on appeal are resolved, and the appeals will not be resolved before January 13, 2020.

## THE GOVERNMENT'S NOTICE OF APPEAL DIVESTS THIS COURT OF JURISDICTION AND THESE PROCEEDINGS MUST BE CONTINUED

### A. The district court retains limited jurisdiction during an appeal

The law of this Circuit is clear. Generally, "an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the cases involved in the appeal." *United States v. Modanlo,* 762 F.3d 403, 408 (4th Cir. 2014). This general rule is subject to limited exceptions which permit a district court "to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." *Doe v. Public Citizen,* 749 F.3d 246, 258 (4th Cir. 2014) (citations omitted). Simply put, the Government's position that the district court may proceed to trial while its appeal is pending is in direct contradiction to these narrow exceptions only allowing the district court to rule on issues either collateral to the appeal or in aid of the appeal.

### B. The Government's position is untenable, contrary to established law and violates the Defendant's Due Process Rights

The issues on appeal are not collateral to the issues remaining before the court; rather they are woven from the same cloth and are but one sleeve of the overall shirt. Neither can conducting a jury trial on the remaining issues be viewed as taking an action that aids the appellate process. Simply put, trial in this matter simply cannot proceed while the Court's order dismissing some of the charges in support of the RICO conspiracy and denying the Defendant's motion to dismiss other charges is on appeal.

The Government's proposal would have the trial proceed on the counts that were not

Page 2 of 6

Case 4:18-cr-00012-MFU-RSB   Document 468   Filed 10/16/19   Page 2 of 6   Pageid#: 2653

dismissed while it awaits a decision from the Fourth Circuit and United States Supreme Court to determine whether those counts should be reinstated. This position is simply untenable. Should the Government prevail in the appeal, it offers no explanation or process by which the reinstated charges could fairly be added back into the trial, or whether it would seek to have a separate trial on the reinstated charges. If it seeks to add these charges back into the trial, it offers no rational way to do so.

While no specific procedure exists by which to reinstate a count when the trial court's dismissal of that count is overturned via the interlocutory appeal process, 18 USC 3161(c)(2) may apply, which states "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." Should the court find this statute does not apply, then how far in advance of the commencement of the trial is it fair to inform the Defendant he is now facing these counts again, and to allow defense counsel time to prepare for trial on these reinstated counts? Or, if the appeal is decided on the first day of trial, do these reinstated counts get added to the trial? What if the appeal is decided after the first week of the trial, do we still add them to the trial? Equally problematic is a suggestion of a separate trial on these reinstated counts, for this raises the risk of inconsistent verdicts and has other wide-ranging due process implications, including judicial economy in avoiding repeated trials of the same issues.

The Government cites no authority for its proposition and seemingly ignores the very case law it relies upon. Indeed, in footnote 1 of its notice, it cites *United States v. Modanlo* specifically noting that "a trial may not be conducted from the time that an interlocutory or collateral order appeal is properly taken until the court of appeals returns jurisdiction to the

Page 3 of 6

Case 4:18-cr-00012-MFU-RSB   Document 468   Filed 10/16/19   Page 3 of 6   Pageid#: 2654

district court." *United States v. Modanlo*, 762 F.3d at 411. Moreover, the Government seemingly cites *United States v. Brooks,* 145 F.3d 446, 457 (1st Cir.1998) to support is position that the district court retains jurisdiction to move forward with the trial, when, in fact, in *Brooks* the Fourth Circuit clearly and unequivocally held the exact opposite: "we hold that the filing of a proper notice of appeal pursuant to section 3731 divests the district court of its authority to swear a jury and start the trial." *United States v. Brooks*, 145 F.3d 446, 457 (1st Cir. 1998).

**C. The court has no choice but to continue the jury trial because the Government filed an interlocutory appeal and the appellate process will not be resolved in a timely manner prior to the scheduled start of the jury trial.**

Due to the Government filing an interlocutory appeal, the Defendant noticed his own cross-appeal of the court's order. The fact that the Defendant noted his appeal after the Government noted its appeal does not affect any of the arguments set forth above that the district court lacks jurisdiction to proceed to trial. It does, however, buttress the argument to continue the jury trial. Should either party lose its appeal in the Fourth Circuit, either party would be able to file for en banc review in the Fourth Circuit and then for a writ of certiorari to the United States Supreme Court.

Pursuant to Rule 40 of the Rules of Appellate Procedure, "a petition for panel rehearing may be filed within 14 days after entry of judgment." USCS Fed Rules App Proc R 40. Of course, the Fourth Circuit must then rule on this petition. According to the Rules of the Supreme Court of United States, after the Fourth Circuit finally issues a final order on these issues on some future date which is currently impossible to predict, either party may file a writ of certiorari to the United States Supreme Court "within 90 days after entry of the judgment." USCS Supreme Ct R 13.

The current scheduling order issued by the Fourth Circuit requires the filing of the final reply brief by December 12, 2019. (USCA4 Appeal Record # 19-4609, ECF #33.) There is no date set by which the Fourth Circuit must issue its ruling on these appeals. Assuming, however, it issues its ruling on December 13, 2019, then the petition for en banc review is due December 23, 2019. There is, again, no date by which the Fourth Circuit must resolve this petition. Let us assume again that it resolves this issue the very next day on December 24, 2019. This means the earliest the 90-day filing deadline to file a writ of certiorari to the Supreme Court can start is December 24, 2019, and the earliest possible deadline for filing it is March 23, 2020.

Additionally, the Fourth Circuit's next session to hear oral argument as set forth on its website at http://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar is December 10-12, 2019. Oral arguments on the appeal launched by the United states obviously cannot be heard on these dates as the Government's reply brief is due on December 12. The Fourth Circuit's next scheduled session to hear oral argument as set forth on the same website is January 28-31, 2020, which is after this jury trial is scheduled to begin.

Given this, it is impossible to believe that the appellate process would be complete far enough in advance of the trial date to fairly allow trial on these dismissed counts to proceed with the other counts in January, therefore either a continuance will be required, or two different trials will be had. Moreover, moving forward with a trial while the Defendant's appeal of the district court's order refusing to dismiss certain counts would have the Defendant proceed through a jury trial on charges that may be dismissed by the appellate courts, which is an obvious due process violation. Therefore, a continuance for

lack of jurisdiction must be granted to preserve the Defendant's due process rights.

## CONCLUSION

For the foregoing reasons, the Defendant requests a continuance of the jury trial due to a lack of jurisdiction. Given this case is in the appellate courts due to the Government's decision to file an interlocutory appeal, the Defendant expressly reserves his right to seek admission to bail during the pendency of any appeal, which issue is clearly collateral to the appeal, and for any other relief deemed appropriate by the court.

    Respectfully Submitted,
    MONTEZ LAMAR ALLEN

    s/ Seth C. Weston, Esq.
    By: Seth C. Weston, Esq.
       Neil A. Horn, Esq.

Seth C. Weston, Esq.
Law Office of Seth C. Weston, PLC
313 Campbell Avenue SW
Roanoke, Virginia 24016
(O) (540) 342-5608
(F) (540) 301-2209
seth@scwestonlaw.com
Bar # 47523

Neil A. Horn Esq.
The Law Office of Neil Horn, P.C.
321 Campbell Avenue, SW
Unit C2
Roanoke Virginia 24016
(O) (540) 761-2280
(F) (540) 345-1663
neilhornlaw@verizon.net
Bar # 41555

Certificate of Service

I hereby certify that I electronically filed this motion on October 16, 2019, with the Clerk of the Court using the CM-ECMF system, which will electronically notice all counsel of record.

    /s/ Seth C. Weston
    Counsel for Defendant