CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
11/10/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Mary Stovall
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 4:18-cr-00012 |
| v. | ) |
| | ) By:   Michael F. Urbanski |
| MONTEZ LAMAR ALLEN, | ) Senior United States District Judge |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Montez Lamar Allen's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 856. The Federal Public Defender was given an opportunity to supplement Allen's petition but declined to do so. ECF Nos. 861, 866. This is Allen's second motion for a sentence reduction, his first having been denied by this court on June 21, 2022. ECF Nos. 787, 803. Also pending are Allen's motion for a hearing by video, ECF No. 857, and his motion for appointment of counsel. ECF No. 858. The government filed a response in opposition to Allen's pending motion for compassionate release, ECF No. 867, and for the reasons stated herein, the court will **DENY** the motion. In addition, the court **DENIES** his motion for a hearing by video because the issues are well-briefed and a hearing will not aid in the decisional process. Finally, the Clerk is directed to **TERMINATE** Allen's motion for appointment of counsel because the court appointed the FPD to represent Allen, although she declined to supplement his petition.

### I. BACKGROUND

On June 11, 2018, a grand jury returned a fifteen-count indictment against Allen and eight co-defendants. ECF No. 5. Allen was charged in seven of the fifteen counts. Id. Count One charged Allen with participation in a racketeering conspiracy. Id. Counts Ten through

Fifteen charged Allen with various Violent Crime in Aid of Racketeering ("VICAR") offenses and use of a firearm in connection with those offenses. Id. On February 10, 2020, Allen pled guilty to the racketeering conspiracy charged in Count One pursuant to a written plea agreement under Rule 11(c)(1)(C). ECF No. 543. On September 8, 2020, Allen was sentenced to 180 months in prison. ECF No. 674. Allen currently is housed at Federal Correctional Institution Petersburg Low and has a projected release date of March 25, 2029.[1]

In this second motion for compassionate release, Allen argues that his young age at the time of the offense and attendant susceptibility to gang influence in the community warrants a sentence reduction. Mot., ECF No. 856 at 5–9. In addition, he points to factors that could have been "better mitigated at sentencing by his [a]ttorney," including his counsel's failure to order a psychiatric evaluation, his lack of prior felonies or violent crimes, and the fact that he was never found to be in possession of a weapon. Id. at 5. Finally, Allen argues that his rehabilitation over the last six years of incarceration supports a sentence reduction. Id. at 9.

In response, the government argues that Allen failed to meet 18 U.S.C. § 3582(c)(1)(A)'s threshold exhaustion requirement. Resp., ECF No. 867 at 6–8. Alternatively, the government argues that Allen's motion should be denied because the reasons he cites for sentence reduction do not qualify under any of the extraordinary and compelling reasons set forth in USSG § 1B1.13, the now-binding Sentencing Guideline policy statement. Id. at 8–13.

---

[1] https://www.bop.gov/inmateloc/ (search term "Montez Lamar Allen") (last viewed Oct. 29, 2025).

2

## II. ANALYSIS

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Allen's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their

3

initial request to file a motion in the district court." Id. at 131. Allen asserts that he exhausted his administrative remedies, but the government contends that the Bureau of Prisons has no record of Allen asking the Warden of his facility to file a motion for compassionate release on his behalf. Mot., ECF No. 856 at 4–5; Resp., ECF No. 867 at 6–8.

While the exhaustion requirement is a non-jurisdictional claim-processing rule and can be waived by the government, Muhammad, 16 F.4th at 129–130, when the government raises exhaustion as a defense, the district court must address the issue. United States v. Spencer, No. 20-7171, 2022 WL 355775 (4th Cir. 2022) (per curiam). See also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Claim-processing rules, by contrast, are to be rigidly applied when invoked by a litigant, but can be forfeited if not raised and pursued in a timely fashion.").

In this case, while Allen claims to have exhausted his administrative remedies, he has not provided any evidence that he asked the Warden of his facility to file a motion for compassionate release on his behalf 30 days prior to filing his motion. Because the court must "rigidly apply" the exhaustion requirement, it now finds that Allen did not exhaust his administrative remedies. Accordingly, the court finds that Allen has failed to satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement and his motion is **DISMISSED without prejudice** for that reason. See United States v. Holloway, No. DKC 13-0525-2, 2020 WL 5407812 (D. Md. Sep. 9, 2020) (dismissing a request for compassionate release without prejudice for failure to demonstrate administrative exhaustion). In the alternative, and as discussed below, the court **DENIES** Allen's motion on the merits.

4

## B. Extraordinary and Compelling Reason

The court next considers whether, even if Allen had exhausted his administrative remedies, it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats:

(1) Medical Circumstances of the Defendant.

(2) Age of the Defendant.

(3) Family Circumstances of the Defendant.

(4) Victim of Abuse.

(5) Other reasons.

(6) Unusually Long Sentence.

Allen relies on United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), for its holding that district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." ECF No. 856 at 3. However, USSG § 1B1.13(b) abrogated McCoy such that any extraordinary and compelling reason for compassionate release must fall within the scope of the revised policy statement. See Cooper v. United States, No. 4:12-cr-00520-TLW-1, 2023 WL 8242548, at *1 (D.S.C. Nov. 28, 2023)

5

(stating explicitly that "[t]he amendment of the policy statement to address defendant-filed motions modifies the Fourth Circuit's holding in McCoy that 'there currently exists no applicable policy statement for such motions'"). Therefore, USSG § 1B1.13(b) is binding on a defendant's motion for compassionate release and forecloses reliance on non-enumerated considerations.

Allen asserts two purportedly extraordinary and compelling grounds for a sentence reduction. First, he argues that his age at the time of the offense and resulting susceptibility to gang influence in the community should have been considered at sentencing. Mot., ECF No. 856 at 5–9. Relatedly, he argues that his attorney's failure to order a psychiatric evaluation, his lack of prior felonies or violent crimes, and the fact that he was never found to be in possession of a weapon should have been considered as mitigating factors at sentencing. Id. at 5. Second, he argues that his successful efforts at rehabilitation favor a sentence reduction. Id. at 9.

**(1) Age**

Allen contends that his young age at the time of the offense (19) and conviction (21) should have been considered as mitigating evidence under Miller v. Alabama, 567 U.S. 460 (2012), during his sentencing. Mot., ECF No. 856 at 5–9. Specifically, Allen argues that his case comports with the Miller factors for sentencing juveniles given the pervasive influence of gangs in vulnerable communities and their use of manipulative tactics to target the youth. Id.; Miller, 567 U.S. at 477–78 (considering (1) the juvenile's age and immaturity; (2) family and home environment; (3) circumstances of the offense, "including his extent of participation in the conduct and the way familial and peer pressures may have affected him"; (4) incapacities of youth; and (5) possibility of rehabilitation). In his motion, Allen explains how gangs assume

6

a familial role for susceptible youths, particularly young black men. Mot., ECF No. 856 at 2, 5. Gang members exploit these youths' vulnerability to further a "gang mentality" rooted in manipulation, silence, and fear. Id. at 5. In response, youths arm themselves with weapons, further perpetuating a cycle of crime and violence that Allen likens to "insanity." Id. He contends that a psychiatric evaluation would have revealed these complexities of youth gang involvement. Id. at 6 ("The question by the Court should have been what was Allen thinking at the time of his offense. A [p]sychiatric [e]valuation would have determined that.").

This Court acknowledges the devastating impacts of gang violence on vulnerable communities, and particularly on youths within those communities. Allen offers a moving account of his experience and those of similarly situated youths living in gang-influenced communities. However, Allen's young age at the time of his offense and sentencing is not an "extraordinary and compelling" reason for compassionate relief as defined under USSG § 1B1.13(b). See USSG § 1B1.13(b) (stating that a defendant's age qualifies as an extraordinary and compelling reason for compassionate release only when the defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"). USSG § 1B1.13(b) precludes consideration of the Miller factors, however compelling, in evaluating grounds for compassionate release. Id.

Moreover, the court knew of Allen's age and background at sentencing. The sentencing memoranda submitted to the court detailed Allen's upbringing and susceptibility to gang influence. Sent. Mem., ECF No. 650 at 11 ("[I]t is understandable that many teenagers, male and female, would experience considerable pressure to declare fidelity to certain neighborhood

groups, even groups like the Bloods or Crips. Unfortunately for Montez Allen that is the choice he made when he came to the crossroads.").

During the sentencing hearing, the court confirmed that Allen was 19 at the time of the Christopher Motley murder and noted the following:

> [W]ith regard to the nature—the history and characteristics of the defendant, that it was a young man who, despite his father going off to prison, was in a loving family and was headed on the right course. That course got distracted by an incident and a report to the JROTC at G.W. in his senior year, and although he graduated from high school, during his senior year he fell in with a gang and smoked a lot of marijuana and engaged in—with a group, and involved himself in an agreement to commit crimes by a group that was incredibly violent and plaguing the streets of this community.

Sent. Tr., ECF No. 689 at 50, 64.

Also, the court was aware of Allen's lack of prior felonies or violent crimes, and the fact that he was never found to be in possession of a weapon. His attorney stated at sentencing, "[m]y client does not have a prior criminal history that reflects that he is a violent person or that he is on the route to becoming a hardened criminal[,]" and the court acknowledged that "there [was] no evidence that Mr. Allen had a gun in his possession at the time of the Christopher Motley shooting." Id. at 51, 60.

Thus, Allen's age and background, known to the court both before and during his sentencing, do not present an "extraordinary and compelling" reason for compassionate relief as defined under USSG § 1B1.13(b). Accordingly, Allen's claims based on his young age and

8

background at the time of the offense are not extraordinary and compelling reasons for a sentence reduction and his motion based on these allegations is **DENIED**.

Similarly, Allen's argument that his counsel should have ordered a psychiatric evaluation before he accepted a plea deal cannot support a finding that he has presented an extraordinary and compelling reason for compassionate release. Mot., ECF No. 856 at 5–6. Any argument as to Allen's competence at the time he entered a guilty plea and was sentenced challenges the validity of his conviction or sentence, and a defendant cannot bring such a claim in a compassionate release motion. See United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022) (finding appellant's "attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so"). Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).'" Id. Accordingly, any challenge Allen seeks to make to his underlying conviction via this motion for a § 3582(c)(1)(A) sentence reduction must be **DENIED**.

(2) Rehabilitation

Allen tells the court that he takes responsibility for his role in the crime of which he was convicted and is remorseful. Mot., ECF No. 856 at 9. He directs the court's attention to his good behavior and exceptional program history, including many impressive certifications. Mot., ECF No. 856-1. While the court is impressed with Allen's rehabilitation since he has been incarcerated, his argument that he is entitled to a sentence reduction on that basis is

foreclosed by USSG § 1B1.13(d). That section of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. Because Allen has not alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction. Accordingly, the court will **DENY** Allen's motion for a sentence reduction based on his rehabilitation.

As Allen has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. CONCLUSION

For the above-stated reasons, the court **DENIES** Allen's motion for a sentence reduction, ECF No. 856, **DENIES** his motion for a hearing, ECF No. 857, and **DIRECTS** the Clerk to **TERMINATE** Allen's motion for appointment of counsel, ECF No. 858.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: November 10, 2025

Michael F. Urbanski
Senior United States District Judge